■ In the Matter of RONALD TURNER et al., Petitioners, v JACQUELINE McMICKENS, as Correction Commissioner of the City of New York, et al. Respondents.—Determination of respondent Correction Commissioner dated July 26, 1985, confirmed, without costs and without disbursements. Concur—Kupferman, J. P., Ross and Kassal, JJ.

Ellerin and Smith, JJ., dissent in part in the following memorandum: I agree with the majority that there is substantial evidence for the finding that petitioner Ronald Turner was guilty of the charges against him. However, I disagree that there is substantial evidence against petitioner George Asbury and dissent from the majority's affirmance as to him.

Ronald Turner, a correction officer, was charged with violating Department of Correction rules and regulations in that on April 15, 1983, while he was assigned to the register post at

the Bronx Criminal Court detention pens, he failed to properly process a New York State parole warrant against Luis Perez, thus causing his erroneous discharge. It was undisputed that on April 15, 1983 a police officer attempted to lodge the warrant with Correction Officer Turner. Because the officer would not "back up" the warrant, that is provide his name, command and other identifying information, Officer Turner refused to accept the warrant. The matter was referred to Turner's superior, Captain Thomas Gonzalez. He testified that a new procedure had recently been instituted whereby the Correction Department would accept a parole warrant from a police officer rather than a parole officer. Gonzalez testified that he ordered Turner to take the warrant and note in certain records that it had been lodged. Turner testified that Gonzalez never gave him the warrant and that although he saw Gonzalez take the warrant, he did not know what happened to it. An issue of credibility was involved and the Administrative Law Judge's finding is supported by substantial evidence.

Correction Officer George Asbury was charged with a violation of Department of Correction rules and regulations in that on April 15, 1983, while assigned to the receiving room of the Bronx House of Detention for Men, he failed "to enter a N.Y.S. Parole Warrant notification in the Warrant Book Form 239 on the accompanying card of inmate Luis Perez * * * thereby causing the erroneous discharge of said inmate."

Officer Asbury's testimony was that he never saw a warrant although he looked through the papers. He testified further that there was no reference to a warrant in the other papers he received.

There was no testimony at all that the warrant was among the papers concerning the inmate either when they left the Bronx Criminal Court or when they arrived at the Bronx House of Detention for Men. There was testimony by Correction Officer Ronald Rosada that, subsequent to the handling of the papers by Officer Asbury, he, Rosada, noted in his records that a warrant had been lodged. Although he had no independent recollection of the incident, Rosada testified that he must have seen a warrant.

In view of the absence of positive testimony that the warrant was in the papers given to Officer Asbury and the confusion surrounding the acceptance of the warrant by Captain Gonzalez, substantial evidence was lacking to find Officer Asbury guilty of the charges against him.

I would modify accordingly and grant the petition as to George Asbury.